UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—————————————————————————

AADI BIOSCIENCE, INC.,

                 Petitioner,

      - against -

EOC PHARMA (HONG KONG) LTD.,

                 Respondent.
—————————————————————————

24-cv-9412 (JGK)

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

The petitioner, Aadi Bioscience, Inc. ("Aadi") filed this petition (the "Petition" or "Pet.") to confirm an arbitration award (the "Award") pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), 21 U.S.T. 2517, and Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201, et seq., against the respondent, EOC Pharma (Hong Kong) Limited ("EOC"). For the following reasons, the Petition is **granted**.

**I.**

The following undisputed facts are taken from the Petition, the Award, and the parties' "License Agreement."

On June 27, 2022, EOC, an oncology drug company based in Hong Kong, commenced an arbitration against Aadi, a biopharmaceutical company based in California, alleging that Aadi breached the parties' License Agreement, which governed EOC's importation and commercial distribution of a novel drug developed by Aadi. See Pet. ¶¶ 5-8, ECF No. 1; Bassin Decl., Ex.

B. ("Award") at 8, ECF No. 6-2. EOC sought damages for Aadi's alleged breach of the License Agreement. See Award at 8.

The License Agreement contained an arbitration clause providing for binding arbitration, administered by the International Chamber of Commerce ("ICC") in New York. See Bassin Decl., Ex. A ("License Agreement") § 13.02, ECF No. 6-1. After briefing and an evidentiary hearing, the ICC Tribunal issued an Award, concluding that Aadi did not breach the License Agreement and was not liable to EOC. See Pet. ¶¶ 8-12; see also Award at 62.  The Tribunal also ordered each party to bear its own costs and fees. Pet. ¶ 12. On December 10, 2024, Aadi brought this action against EOC seeking to confirm the Award. See ECF No. 1. EOC failed to respond to the Petition. On June 5, 2025, Aadi filed an order to show cause as to why the Petition should not be considered unopposed and EOC again failed to respond. See ECF Nos. 21, 23. Accordingly, the Petition will be considered unopposed.

## II.

The Court has subject matter jurisdiction over the Petition pursuant to the New York Convention. In implementing the New York Convention, section 203 of Chapter 2 of the FAA provides that "[a]n action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203. A four-part test governs

whether an action "fall[s] under" the New York Convention. That
test requires that "(1) there must be a written agreement; (2)
it must provide for arbitration in the territory of a signatory
of the convention; (3) the subject matter must be commercial;
and (4) it cannot be entirely domestic in scope." Smith/Enron
Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l, Inc., 198
F.3d 88, 92 (2d Cir. 1999).

In this case, all four requirements have been satisfied.
The License Agreement is a written agreement, providing for
arbitration in New York, and governs a commercial matter.
Further, because EOC is a Hong Kong corporation with its
principal place of business in Hong Kong, the arbitration
involves "parties domiciled or having their principal place of
business outside the enforcing jurisdiction," Bergesen v. Joseph
Muller Corp., 710 F.2d 928, 932 (2d Cir. 1983), and is therefore
non-domestic, see Yusuf Ahmed Alghanim & Sons v. Toys "R" Us,
Inc., 126 F.3d 15, 18-19 (2d Cir. 1997).[1]

Moreover, Aadi is a Delaware corporation with its principal
place of business in Pacific Palisades, California. Pet. ¶ 5.
EOC is a Hong Kong corporation with its principal place of
business in Hong Kong. Id. ¶ 6. Because the amount in

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits
all alterations, citations, footnotes, and internal quotation
marks in quoted text.

controversy exceeds $75,000, <u>see</u> Award at 32, this Court also has diversity jurisdiction over the action. <u>See</u> 28 U.S.C. § 1332(a)(2).

### III.

Where—as in this case—the respondent fails to respond to the petition, "the Court must do more than simply issue a default judgment in favor of the petitioner." <u>AAK USA, Inc. v. Integrity Ingredients Corp.</u>, No. 25-cv-1727, 2025 WL 1547640, at *1 (S.D.N.Y. May 29, 2025). Instead, "because a motion to confirm or vacate an arbitration award is generally accompanied by a record," "the petition and accompanying record should be treated as akin to a motion for summary judgment based on the movant's submissions." <u>Id.</u> (quoting <u>D.H. Blair & Co. v. Gottdiener</u>, 462 F.3d 95, 109 (2d Cir. 2006)).

The standard for granting summary judgment is well established. The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). The substantive law governing the case will identify those facts that are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S.

242, 248 (1986). "Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004). Rather, "[i]f the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." Id. at 244.

**IV.**

"The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984). "To avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation, arbitral awards are subject to very limited review." Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F.3d 584, 588 (2d Cir. 2016).

In cases arising under the New York Convention, as this case does, "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in [Article V of the New York] Convention." 9 U.S.C. § 207. Article V provides that a court need not confirm an arbitral award where:

(a)  The parties to the agreement . . . were
     . . . under some incapacity, or the said
     agreement is not valid under the law
     . . .; or
(b)  The party against whom the award is
     invoked was not given proper notice of
     the appointment of the arbitrator or of
     the arbitration proceedings . . .; or
(c)  The award deals with a difference not
     contemplated by or not falling within the
     terms of the submission to arbitration,
     or it contains decisions on matters
     beyond the scope of the submission to
     arbitration . . .; or
(d)  The composition of the arbitral authority
     or the arbitral procedure was not in
     accordance with the agreement of the
     parties . . .; or
(e)  The award has not yet become binding on
     the parties, or has been set aside or
     suspended by a competent authority of the
     country in which, or under the law of
     which, that award was made.

New York Convention art. V(1). Enforcement of the Award "may

also be refused if 'the subject matter of the difference is not

capable of settlement by arbitration,' or if 'recognition or

enforcement of the award would be contrary to the public policy'

of the country in which enforcement or recognition is sought."

Yusuf, 126 F.3d at 19 (quoting New York Convention art. V(2)).

     Where an arbitration subject to the New York Convention is

conducted within the United States or pursuant to United States

law, as was the case here, "the domestic provisions of the FAA

also apply, as is permitted by Articles V(1)(e) and V(2) of the

New York Convention." Scandinavian Reins. Co. Ltd. v. Saint Paul

Fire & Marine Ins. Co., 668 F.3d 60, 71 (2d Cir. 2012); see also

Yusuf, 126 F.3d at 21-23 ("We read Article V(1)(e) of the Convention to allow a court in the country under whose law the arbitration was conducted to apply domestic arbitral law, in this case the FAA, to a motion to set aside or vacate that arbitral award.").

As with arbitration awards under the New York Convention, under the FAA "[a]rbitral awards may only be vacated on extremely limited grounds." Longyan Junkai Info. Tech. Co v. Amazon.com Servs. LLC, No. 23-cv-4869, 2023 WL 8602839, at *5 (S.D.N.Y. Dec. 12, 2023). Section 10(a) of the FAA sets forth four grounds for vacatur of an arbitration award: (1) "corruption, fraud, or undue means" in the procurement of the award; (2) "evident partiality or corruption in the arbitrators"; (3) "where the arbitrators were guilty of misconduct"; or (4) "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(1)-(4). Courts may also vacate an award where "an arbitrator has exhibited a manifest disregard of law." Westerbeke Corp. v. Daihatsu Motor Co., 304 F.3d 200, 208 (2d Cir. 2002).

"The burden of proof with respect to the affirmative defenses set forth in the New York Convention lies with the respondent." Exclusive Trim, Inc. v. Kastamonu Romania, S.A.,

698 F. Supp. 3d 621, 627 (S.D.N.Y. 2023). Moreover, "[w]here, as here, the non-movant does not respond, its failure to contest issues not resolved by the record will weigh against it." Id. Nothing in the record suggests that any of the New York Convention's affirmative defenses or FAA's reasons for vacatur apply in this case. Accordingly, the Award is confirmed.

## CONCLUSION

For the foregoing reasons, the petitioner's petition to confirm the Award is **granted**. The Clerk of Court is respectfully directed to enter judgment in favor of the petitioner confirming the Award and to close this case.


SO ORDERED.
Dated:    New York, New York
          July 21, 2025

_____
          John G. Koeltl
     United States District Judge